UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HDS ARCHITECTURE, INC.**<br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>**HDS ARCHITECTURE, INC.**<br>　　　　　　　　　Defendant. | CASE NO.  1:17-cv-1843<br><br>JUDGE<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

HDS Architecture, Inc., located in Massachusetts ("Plaintiff"), complaining of Defendant, HDS Architecture, Inc., located in Ohio ("Defendant"), alleges the following:

### NATURE OF THE ACTION

1.　　This is an action for infringement of Plaintiff's trademark rights as well as related deceptive trade practices and unfair competition claims.  Specifically, Defendant has wholly adopted Plaintiff's well-known HDS ARCHITECTURE trademark into its own trademark and trade name.  Defendant uses its infringing trademark and trade name to offer virtually identical architectural services to the services offered by Plaintiff.  Such use is likely to lead to confusion in the marketplace and unlawfully trades off of Plaintiff's goodwill and reputation.  Defendant's acts amount to trademark infringement and unfair competition and Plaintiff seeks injunctive relief, damages, treble damages, and its attorney's fees and costs, as well as other relief authorized under federal and state law.

### JURISDICTION AND VENUE

2.　　This claim arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1125(a) and common law.

3. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's federal claim arises under the Lanham Act, 15 U.S.C. § 1125(a). This Court has pendent subject matter jurisdiction over Plaintiff's related statutory and common law of Ohio claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

4. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant does business in Ohio and its tortious conduct takes place in Ohio.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that, upon information and belief, Defendant is subject to personal jurisdiction in the State of Ohio and/or the wrongful acts committed by Defendant occurred in and are causing injury in the State of Ohio.

## THE PARTIES

6. Plaintiff, HDS Architecture, Inc., is a Massachusetts corporation having its principal place of business at 625 Mount Auburn Street, 2nd Floor, Cambridge, Massachusetts.

7. Upon information and belief, Defendant HDS Architecture, Inc., formerly known as Herman, Gibans, Fodor, Inc., is an Ohio corporation with an address of 1939 West 25th Street, Suite 300 Cleveland, Ohio 44113.

## PLAINTIFF AND ITS TRADEMARK RIGHTS

8. Plaintiff is a well-known, leading architecture firm which provides its services throughout the world.

9. Plaintiff's architectural services have been promoted in various national industry publications, including *Building Design + Construction* and *EcoBuilding Pulse*.

10. Beginning at least as early as 2002 in the United States, Plaintiff adopted and began to use the trademark HDS ARCHITECTURE (the "Mark") for its architecture services.

11. Since adopting the HDS ARCHITECTURE trademark, Plaintiff has expended significant resources in the development of its business, goodwill and the reputation associated with the HDS ARCHITECTURE trademark, including spending significant sums on advertising and promotional activities and investing substantial resources in protecting and enforcing its trademark rights in its Mark.

12. Plaintiff offers and promotes its services under the HDS ARCHITECTURE trademark throughout the United States, including in Ohio, through its website located at www.hdsarchitecture.com.

13. Plaintiff enjoys common law rights in its Mark by virtue of its use of HDS ARCHITECTURE in interstate commerce in connection with its architectural services since at least as early as 2002. The Mark is valid, subsisting, distinctive and exclusively owned by Plaintiff.

14. As a result of Plaintiff's extensive promotional efforts and its long use of its Mark, HDS ARCHITECTURE has become uniquely identified with Plaintiff in the minds of consumers and has come to signify the high quality of services offered by Plaintiff. Accordingly, Plaintiff has acquired invaluable goodwill in the Mark and said Mark has become well-known and recognizable to the public.

**DEFENDANT'S INFRINGING ACTIVITIES AND ACTS OF UNFAIR COMPETITION**

15. Despite Plaintiff's prior rights in and to the Mark, on information and belief, Defendant commenced business using the name and identical trademark "HDS ARCHITECTURE" in or around November of 2016, long after Plaintiff acquired exclusive rights in the Mark.

16. Like Plaintiff's HDS ARCHITECTURE-branded offerings, on information and belief, Defendant offers architecture services.

17. In or around November of 2016, Defendant began offering and promoting its services under the HDS ARCHITECTURE trademark throughout the United States, including in Ohio, through its website located at www.hds-architecture.com ("Infringing Domain").

18. The Infringing Domain is identical to Plaintiff's domain name, www.hdsarchitecture.com, except that Defendant has inscribed a hyphen into its Infringing Domain.

19. Upon information and belief, Defendant was aware of Plaintiff's prior rights in the Mark because, among other reasons, Defendant would have discovered Plaintiff owned the preferred domain name www.hdsarchitecture.com– on which Plaintiff promotes the Mark and the associated architectural services under it– prior to registering the Infringing Domain.

20. Because Defendant has adopted the identical HDS ARCHITECTURE mark and Defendant's offerings directly overlap with those offered by Plaintiff under its Mark, prospective purchases and others are likely to be confused as to whether the services offered under Defendant's mark emanate from or are in some way affiliated with, sponsored, or approved by Plaintiff.

21. In fact, a comparison between the Google® search results for image results for "HDS Architecture" pre-November 2016 and the results for the identical search run on August 23, 2017 shows that images of Defendant's and Plaintiff's architecture projects are completely intermingled in the Google® image search results leading to likely confusion in the marketplace. Attached as Exhibits A and B are screenshots from the Google® image search results for pre-November 2016 material and all material as of August 23, 2017 respectively.

## FIRST CLAIM FOR RELIEF
### (Federal Unfair Competition-False Designations of Origin, False Descriptions and Representations)
### [15 U.S.C. § 1125(a)]

22. Plaintiff incorporates all prior allegations as if set forth fully herein.

23. This is a claim for unfair competition-false designations of origin, false descriptions and representations of the Mark arising under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

24. Plaintiff's use and ownership of the Mark predates any use of any mark or trade name that includes or is comprised of the terms "HDS ARCHITECTURE" by Defendant. According, Plaintiff is the exclusive owner of the Mark and, accordingly, has express authority to take action to prevent actual or threatened infringement of its trademark.

25. Continually, for a long time prior to the acts of the Defendant complained of herein, Plaintiff has offered its architectural services under its well-known Mark. These services have been and are now extensively advertised throughout the United States.

26. Continually, for a long time prior to the acts of the Defendant complained of herein, Plaintiff has been and is now advertising its services bearing the Mark in the State of Ohio and elsewhere in interstate commerce. Through Plaintiff's extensive offering of its services, the public has come to recognize Plaintiff's services as being of excellent quality and reputation.

27. Plaintiff's advertising and promotional activities involving services offered under the Mark have been continuous and have been for the purpose of acquainting the public with the excellent quality of Plaintiff's services so that consumers may, with knowledge and confidence, purchase and use Plaintiff's HDS ARCHITECTURE branded services. As a result, the services

offered under the Mark are well-known, and the Mark has come to be and is recognized by the public as indicating that the services offered under the Mark originate with Plaintiff.

28. By reason of their high quality and as a result of Plaintiff's continued and extensive sales, advertising and promotion, the services offered under the Mark enjoy an excellent reputation among the public. The Mark, and all associated goodwill which have accrued to the Mark, are of great value to Plaintiff in the conduct of its business.

29. Defendant is promoting and offering services to the public under the Mark and such services are virtually indistinguishable and confusingly similar to Plaintiff's services. Plaintiff has never authorized or consented in any way to the use of Mark for any of Defendant's services, nor has Plaintiff granted any license to the Defendant allowing such use.

30. Defendant's use of "HDS ARCHITECTURE" constitutes use of a mark and trade name that is identical and confusingly similar to the Mark owned by Plaintiff and, as such, is confusing and misleading to the purchasing public.

31. The unauthorized use of the Mark in connection with the services offered by the Defendant constitutes a false designation of origin and false description or representation that wrongly and falsely designates the services offered by the Defendant as originating from, connected with, sponsored or authorized by Plaintiff.

32. Upon information and belief, Defendant's conduct is intentionally fraudulent, malicious, willful and wanton.

33. Defendant's acts, as described in this Complaint, constitute a false designation of origin and false description within the meaning of 15 U.S.C. § 1125(a). Plaintiff has been damaged and will continue to be damaged by Defendant's acts.

34. Defendant's conduct is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation, and will continue both to damage Plaintiff and to deceive the public unless preliminarily and permanently enjoined by this Court.

35. Plaintiff is without an adequate remedy at law and is entitled to a permanent injunctive relief.

## SECOND CLAIM FOR RELIEF
### (Ohio Common Law Trademark Infringement)

36. Plaintiff incorporates all prior allegations as if set forth fully herein.

37. Defendant's conduct, as described above, constitutes trademark infringement and passing off in violation of the common law of the State of Ohio.

38. Defendant's conduct as described above has caused and will continue to cause irreparable injury to Plaintiff, and unless said acts are restrained by this Court, such conduct will be continued and Plaintiff will continue to suffer irreparable injury.

39. Plaintiff has no adequate remedy at law and is entitled to a permanent injunctive relief.

40. Defendant's conduct described above has harmed Plaintiff's reputation and has caused damages to the Plaintiff in an amount to be determined.

41. Defendant's conduct described above has unlawfully enriched and benefited Plaintiff in an amount to be determined.

## THIRD CLAIM FOR RELIEF
### (Ohio Deceptive Practices Act)
### [Ohio Rev. Code Ann. § 4165]

42. Plaintiff incorporates all prior allegations as if set forth fully herein.

43. Defendant's activities constitute unfair or deceptive trade practices or acts within the meaning of Ohio Rev. Code Ann. § 4165.02 in that they cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; and/or cause a likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another.

44. Plaintiff has been damaged and will continue to be damaged by Defendant's acts as a result of Defendant's unlawful and unauthorized deceptive trade practices by lessening of the goodwill that Plaintiff's services have with the purchasing public.

45. Defendant willfully engaged in its violations of Ohio Rev. Code Ann. § 4165.02. As such, Plaintiff is entitled to injunctive relief pursuant to Ohio Rev. Code Ann. § 4165.03.

46. Plaintiff seeks injunctive relief and attorneys' fees and costs incurred in this action pursuant to Ohio Rev. Code Ann. § 4165.03.

47. Plaintiff is without an adequate remedy at law and is entitled to a permanent injunctive relief.

### FOURTH CLAIM FOR RELIEF
**(Violation of Federal Cyberpiracy Law)**
**[15 U.S.C. § 1125(d)]**

48. Plaintiff incorporates all prior allegations as if set forth fully herein.

49. The Mark was distinctive at the time Defendant registered the Infringing Domain.

50. The Infringing Domain is identical or confusingly similar to the Mark.

51. On information and belief, Defendant had a bad faith intent to profit from the Mark by registering and using the Infringing Domain.

52. Defendant's acts as described in this Complaint constitute cyberpiracy within the meaning of 15 U.S.C. § 1125(d).  Plaintiff has been damaged and will continue to be damaged by Defendant's acts.

53. Defendant's conduct is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation, and will continue both to damage Plaintiff and to deceive the public unless preliminarily and permanently enjoined by this Court.  Plaintiff has no adequate remedy at law.

54. Plaintiff seeks transfer of the Infringing Domain pursuant to 15 USC § 1125(d)(1)(C) and damages, attorneys' fees and costs.

55. Plaintiff is without an adequate remedy at law and is entitled to a permanent injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully asks that this Court:

1. Grant a preliminary and permanent injunction enjoining and restraining the Defendant, including its officers, directors, employees, agents, servants, successors and assigns, as well as all those in active concert and participation with it, from:

    A. substantially imitating, copying, or making unauthorized use of the Mark, including but not limited to use of the trademark and trade name HDS Architecture, Inc.;

    B. using any false description or designation of origin or representation (including, without limitation, any letters, words, symbols, or other text) which can, or is likely to, lead the trade or public, or individual members thereof to believe that any service

        advertised or offered by the Defendant is in any manner associated or connected with Plaintiff or is associated, licensed, sponsored, or approved by Plaintiff;

    C.    engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation ;

    D.    engaging in any other activity constituting an infringement of the Mark or Plaintiff's rights in or right to exploit the same;

    E.    engaging in further acts of unfair competition arising from the Defendant's unlawful and improper adoption and use of the Mark;

    F.    engaging in further acts of unfair competition and cyberpiracy arising from Defendant's use of the Infringing Domain; and,

    G.    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (A) through (G), above.

2. Enter an order:

    A.    Finding that the Defendant has infringed the Mark by the acts complained of herein;

    B.    Finding that the Defendant has unfairly competed with Plaintiff by the acts complained of herein;

    C.    Finding that the Defendant has violated the cyber piracy provision of 15 USC § 1125(d).

    D.    Directing that all infringing and misleading materials in Defendant's possession, including but not limited to all brochures,

    signage, labels, mailings, and advertisements, be delivered to an officer of the Court to be destroyed pursuant to 15 U.S.C. § 1118;

E. Directing the domain registrar for the Infringing Domain to transfer ownership to Plaintiff.

F. Requiring that the Defendant, within thirty (30) days after service of notice of the entry of judgment, or an injunction pursuant thereto, file with the Court and serve on Plaintiff's counsel a written report under oath setting forth in detail the manner in which the Defendant has complied with the Court's order;

G. Awarding Plaintiff damages for the harm caused to its reputation and goodwill, and for Defendant's profits gained as a result of Defendant's wrongful actions, said amount to be trebled; and/or statutory damages should Plaintiff so elect under 15 U.S.C. § 1117(a)(c);

H. Awarding Plaintiff the costs of this action and reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and Ohio Rev. Code Ann. § 4165.03; and

I. Awarding to Plaintiff such other and further relief as this Court may deem just and proper, together with the costs and disbursements which Plaintiff has incurred in connection with this action.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Dated:   September 1, 2017					Respectfully submitted,


							/s/ *Melissa D. Bertke*
							Deborah A. Wilcox (0038770)
							Melissa D. Bertke (0080567)
							BAKER & HOSTETLER LLP
							Key Tower
							127 Public Square, Suite 2000
							Cleveland, OH  44114-1214
							Telephone: 216.621.0200
							Facsimile: 216.696.0740
							Email: dwilcox@bakerlaw.com
							           mbertke@bakerlaw.com

							Attorneys for Plaintiff
							HDS ARCHITECTURE, INC.